UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:23-cr-45-CEH-AEP

MARCUS JAMAR FOWLER,
PIERRE MARQUISE FOWLER,
CYION CRAIG KERR, and
ABELARDO CAMPAGNE TORRES
_____/

# O R D E R

This matter comes before the Court on non-party Otilila Andino's *pro se* Motion to Release *Lis Pendens*. Doc. 287. In the motion, Andino requests an order for the release of the *lis pendens* recorded by the Government as it relates to three real properties that Andino asserts that she owns. The Government filed a response in opposition. Doc. 288. Andino filed a reply (Doc. 296), but because she did not seek leave of Court to file a reply, the reply is unauthorized and due to be stricken. The Court, having considered the motion and being fully advised in the premises, will deny Otilila Andino's Motion to Release *Lis Pendens*.

## DISCUSSION

In connection with this criminal action, the Government filed Notices of *Lis Pendens* seeking forfeiture of the following properties pursuant to the provisions of 21 U.S.C. § 853: 5606 Sunshine Park Drive, New Port Richey, Florida (Docs. 17, 300); 2141 Speck Drive, Holiday, Florida (Docs. 19, 297); and 710 North Avenue, Tarpon

Springs, Florida (Docs. 21, 301). These real properties were identified by the Government as subject to forfeiture because they represent or were purchased with proceeds obtained from the charged conspiracy. Doc. 288 at 2. As such, the Government recorded *lis pendens* as to the properties on February 9, 2023 and renewed the notices on February 6, 2024.

Andino's motion alleges she has an ownership interest in the real properties. Doc. 287. However, 21 U.S.C. § 853(k) bars a third party who claims an interest in property from intervening in a criminal case, except through an ancillary proceeding. In relevant part, 21 U.S.C. § 853(k) prohibits any claimant to the described property from: (1) intervening in the trial or appeal of the criminal case, or (2) commencing an action at law or equity against the United States concerning the validity of any alleged interest in the property, except as provided by the provisions of 21 U.S.C. § 853(n), following the entry of any order of forfeiture. Federal Rule of Criminal Procedure 32.2(b)(2)(A) provides that a third-party, who asserts an interest in property that is subject to criminal forfeiture, may only resolve their interest in a criminal ancillary proceeding. Thus, the determination of any interest that Otilila Andino has in the subject real properties is deferred to an ancillary proceeding after the Court enters a preliminary order of forfeiture and Andino, as a third-party claimant, properly files a verified claim. *See* Fed. R. Crim. P. 32.2(c).

Accordingly, it is hereby

**ORDERED**:

1. Otilila Andino's Motion to Release *Lis Pendens* (Doc. 287) is **DENIED,** as it is premature.

2. Otilila Andino's Reply at Doc. 296 is **STRICKEN** as unauthorized.

**DONE AND ORDERED** in Tampa, Florida on March 21, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Otilila Andino, *pro se* movant
Counsel of Record
Unrepresented Parties, if any