UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:23-cr-45-CEH-AEP

PIERRE MARQUISE FOWLER
_____/

**ORDER**

This matter comes before the Court on the Government's Notice Pursuant to Federal Rules of Evidence 404(b) and Motion for Pretrial Determination of Admissibility of Defendant's Prior Conviction (Doc. 221), Defendant's response in opposition (Doc. 265), Defendant's Motion *in Limine* (Doc. 266), and the Government's response in opposition (Doc. 278). The Court held a hearing on the motions on March 28, 2025. For the reasons discussed at the hearing and set forth below, the Court will grant the Government's motion and allow evidence at the trial as to Defendant's 2011 felony conviction. The Court will grant, in part, Defendant's motion *in limine*, and limit the number of firearms the Government may introduce into evidence. The Court will deny the motion *in limine* regarding the two pieces of jewelry.

I.   BACKGROUND

On February 7, 2023, Defendant Pierre Marquise Fowler ("Defendant") was charged with one count of conspiracy to distribute 500 grams or more of methamphetamine, 400 grams or more of fentanyl, and five kilograms or more of

cocaine.[1] Doc. 1. On August 19, 2024, Defendant entered into a plea agreement in which he pleaded guilty to Count One of the Indictment. Doc. 187. Five days later, before the Court accepted his guilty plea, Defendant filed a motion withdrawing his plea of guilty, which the Court granted. Docs. 191, 193. A November 12, 2024 superseding indictment charged Defendant with additional counts, including possession with intent to distribute narcotics (Count Two), possession of a firearm, specifically a machine gun, in furtherance of drug trafficking (Count Three), and two counts of money laundering (Counts Four and Five). Doc. 218.  Count Four charges Defendant with purchasing real property located at 4240 Oakfield Avenue, Holiday, Florida, with illegally obtained proceeds. Count Five charges Defendant with purchasing back from a Palm Harbor pawn shop a Cuban link necklace, using illegally obtained funds. *Id.* at 3. This matter is scheduled for jury trial on April 7, 2025.

The Government filed its motion seeking a pretrial determination that it may introduce into evidence a single document[2] (certified copy of the judgment from Defendant's prior conviction) (Doc. 221-1) reflecting that Defendant has a September 2011 felony conviction for the sale of cocaine. The Government argues that the prior conviction was within ten years of the charged conduct, is relevant to the issue of

---

[1] Other individuals charged in the indictment were Defendant's brother, Marcus Fowler, and Defendants Cyion Craig Kerr and Abelardo Campagne Torres. These Defendants have pleaded guilty. Docs. 93, 100, 177.
[2] The Government's motion represents that it does not seek to introduce evidence of Defendant's 2006 conviction for sale of cocaine. Doc. 221-2.

Defendant's intent, and its probative value is not substantially outweighed by any unfair prejudice. Doc. 221.

In response, Defendant argues that the conviction was remote in time, is not probative, and is highly prejudicial. Defendant further argues there is no evidence to suggest that there is any similarity between this case and the 2011 case.

In his motion *in limine*, Defendant seeks to exclude from trial any and all evidence regarding firearms, accessories, and ammunition, or photos thereof, which were recovered during the execution of a search warrant at 312 E. Boyer Street in Tarpon Springs on February 8, 2023, and to preclude the introduction into evidence of two pieces of jewelry recovered from Defendant. Specifically, Defendant seeks an order excluding the following evidence listed on (Doc. 240) the Government's exhibit list:

> Cobray 37mm (Ex. 62)
> Marlin model XT-22 (Ex. 63)
> Marlin model 55 (Ex. 64)
> Winchester model 100 (Ex. 65)
> Stevens model 9478 (Ex. 66)
> New England Arms model Pardner (Ex. 67)
> black powder revolver (Ex. 70)
> HiPoint model c9 (Ex. 71)
> Thompson Center Arms .222 (Ex. 72)
> Sig Arms model P238 (Ex. 73)
> Cobray model CA380 (Ex. 74)
> Glock model 30 (Ex.81)
> Taurus model PT940 (Ex. 83)
> Glock model 19 Gen 4 with 2 magazines (Ex. 84)
> Ruger Ranch Rifle with empty magazine (Ex. 85)
> Glock style PMF and empty magazine (Ex. 86)
> American Tactical model Omni Hybrid AR15 style rifle (Ex. 87)
> model PS 90 loaded magazine one in chamber (Ex. 88)
> Photos Glock 19 (Ex. 91)

> Photos flare launcher, (Ex. 90)
> Photos Glock style firearm (Ex. 92)

Defendant argues this evidence is irrelevant to Count Three which charges possession of a machinegun, and even if relevant to any other count, its probative value is outweighed by its prejudicial effect. Additionally, Defendant seeks to exclude a "Durk World" pendant (Ex. 121, Doc. 240) and a bracelet (Ex. 122, Doc. 240), arguing these items are not the subject of the money laundering counts and are therefore irrelevant.

In its response to Defendant's motion, the Government submits that the indictment contemplates illegal conduct involving Defendant that dates back to 2020. Throughout the period of the alleged conspiracy, the Government submits that Defendant had no legitimate income and was involved in numerous unexplained bulk cash transactions, including the purchase of nine residential properties, believed to be money laundering of drug proceeds.

The Government alleges that the Drug Enforcement Administration ("DEA") began court ordered interception of wire and electronic communications over a line for Defendant's brother, Marcus Fowler, in December 2022. During the intercepts, Marcus Fowler arranged for importation of multiple kilos of narcotics. Defendant is purportedly heard on a call arranging payment to the source of supply. The narcotics were shipped via private carrier and during the period of interception agents seized twenty-one pounds of methamphetamine and two kilograms of fentanyl. During this investigation, Defendant is referred to by the alias of "Durk."

The Government states that the evidence will show that Marcus Fowler picked up a package and transported it back to a residence located at 312 E. Boyer Street in Tarpon Springs, Florida. Surveillance on the Boyer Street residence showed Defendant waiting at the door as Marcus Fowler brought the box into the residence. According to the Government, the residence on Boyer Street was a hub for the Fowler Drug Trafficking Organization to distribute narcotics. During the period of interception, surveillance showed Defendant at the Boyer Street residence almost daily, in a shed structure at the back of the property. On February 8, 2023, federal agents executed a search warrant on the Boyer Street property and located 199.6 grams of suspected Fentanyl with Xylazine, over two kilograms of cocaine, 785.5 grams of methamphetamine, and other narcotics. Additionally, agents located more than twenty firearms, including two machine guns, and various pieces of ammunition. The narcotics and most of the firearms were found together in a safe within the shed structure on the property where Defendant was often seen.

## II.    LEGAL STANDARD

### A. Admissibility of Prior Conviction

Evidence of crime, wrongs, or other acts may be admissible for purposes of showing a defendant's "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed R. Evid. 404(b). However, such evidence is prohibited for the purpose of using it to prove action in conformity with a person's character. *Id.*

### B. Motions *in Limine*

Motions *in limine* present pretrial issues of admissibility of evidence that are likely to arise at trial, and as such, "the order, like any other interlocutory order, *remains subject to reconsideration by the court throughout the trial*." *Stewart v. Hooters of Am., Inc.*, No. 8:04-CV-40-EAK-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007) (emphasis in original) (citation omitted). "A court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds." *Id.* (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)).

Rule 402 of the Federal Rules of Evidence prohibits the introduction of evidence that is not relevant. Rule 403 requires the Court to balance the probative value of evidence against the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

## III.   DISCUSSION

### A. Government's Motion for Pretrial Determination (Doc. 221)

The Government seeks an order allowing it to introduce at trial evidence of Defendant's September 2011 felony conviction for the sale of cocaine. In the Eleventh Circuit, courts apply a three-part test to determine admissibility of evidence under Fed. R. Evid. 404(b): (1) "'the evidence must be relevant to an issue other than the defendant's character;'" (2) "'there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act;'" and (3) "'the evidence must possess probative value that is not substantially outweighed by its undue prejudice.'" *United States v. Breitweiser*, 357 F.3d 1249, 1254 (11th Cir. 2004), *cert. denied*, 541 U.S. 1091

(2004) (quoting *United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992) (*en banc*)). As argued by the Government in its motion and at the hearing, the Government seeks to admit this evidence for the purpose of proving Defendant's knowledge and intent during the charged conspiracy. When a defendant pleads not guilty, he places his intent at issue. *See United States v. Floyd*, 522 F. App'x 463, 466 (11th Cir. 2013). The *Floyd* court recognized that "[e]vidence of prior drug dealings is highly probative of intent in subsequent charges of conspiracy and distribution of a controlled substance. *Id.* at 466 (citing *United States v. Diaz–Lizaraza*, 981 F.2d 1216, 1224–25 (11th Cir. 1993)).

As discussed at the hearing, the Government's motion is due to be granted. The three factors that courts in this Circuit consider have been reasonably satisfied to support the admissibility of Defendant's 2011 prior felony conviction. Further, the Court finds the 2011 conviction is not too remote in time given the charged conduct, the prior conviction for sale of cocaine is factually similar, and the probative value is not substantially outweighed by undue prejudice, which can be addressed by a limiting instruction to the jury to consider the evidence only for the purpose for which it is being offered.

### B. Defendant's Motion *in Limine* (Doc. 266)

Defendant moves *in limine* to exclude firearms, accessories, and ammunition recovered during a search of the Boyer Street property, as well as two pieces of jewelry, from being introduced into evidence by the Government at the trial of this matter. Defendant first argues that the firearms evidence has no relevance to Count Three.

7

Next he contends that any probative value this evidence may have to any other count is outweighed by the unfair prejudice to the Defendant. Regarding the jewelry, because it is not the subject of the illegal monetary transactions referenced in Counts Four and Five, Defendant argues the evidence should be excluded as irrelevant. In response, the Government argues that the firearms, accessories, ammunition, and jewelry sought to be excluded are relevant to the charged offenses and are inextricably intertwined to the facts of this case.

Evidence of other crimes, wrongs, or acts is inadmissible under Rule 404(b) to prove a defendant's character in order to show Defendant acted in conformity therewith. *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007) (citing Fed. R. Evid. 404(b)). The Government argues, however, that the firearms, accessories, and ammunition located at the Boyer Street property is not "extrinsic" under Rule 404(b) and therefore falls outside the scope of the rule. The Eleventh Circuit has held that "[e]vidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive[,] and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007) (quoting *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998)). The Government submits that the firearms, accessories, and ammunition are properly admitted because they are inextricably intertwined with the events charged because the subject evidence was located at the Boyer Street property with a significant portion of the evidence being

8

found in the shed structure in a safe where the narcotics were found and because drug traffickers frequently possess firearms to protect their narcotics and assets obtained through drug sales. The Eleventh Circuit recognizes that evidence will be considered "inextricably intertwined" with the evidence regarding the charged offense if it forms an "integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted." *Edouard*, 485 F.3d at 1344 (citing *United States v. Foster*, 889 F.2d 1049, 1053 (11th Cir. 1989)). Thus, whether the evidence is inextricably intertwined will be, in large part, dependent on the witness' testimony trial. But the Eleventh Circuit has recognized that drug trafficking and possession of firearms are "not wholly separate and independent crimes," and evidence of one offense may be properly admitted to prove the other. *United States v. Thomas*, 242 F.3d 1028, 1033 (11th Cir. 2001*); see also United States v. Toyer*, 274 F. App'x 844, 847 (11th Cir. 2008) (no abuse of discretion to admit evidence of drug trafficking to prove knowing possession of firearms when the trafficking evidence is "in sufficiently close proximity, temporally and physically," to the firearms).

Notwithstanding, "evidence of criminal activity other than the charged offense, whether inside or outside the scope of Rule 404(b), must still satisfy the requirements of Rule 403." *Edouard*, 485 F.3d at 1344 (citing *United States v. Baker*, 432 F.3d 1189, 1219 n.36 (11th Cir. 2005), *abrogated on other grounds by Davis v. Washington*, 547 U.S. 813 (2006)). The Government argues that the firearms are an integral part of the drug trafficking charged in Counts One and Two as well as the firearm possession charge

9

in Count Three. In the Eleventh Circuit, "Rule 403 is an extraordinary remedy that courts should employ 'only sparingly since it permits the trial court to exclude concededly probative evidence.'" *United States v. Kerney*, No. 23-11614, 2024 WL 4692361, at *2 (11th Cir. Nov. 6, 2024) (quoting *United States v. Smith*, 459 F.3d 1276, 1295 (11th Cir. 2006)).

Here, the Government seeks to enter into evidence in excess of twenty firearms for which Defendant has not been criminally charged. The Government offers the evidence in two forms: photographs depicting how the items appeared on February 8, 2023, including their proximity to drugs and paraphernalia, as well as the physical items themselves. Because the nature of the Government's evidence against Defendant is inherently meant to be prejudicial, the issue is not whether the evidence itself is prejudicial, but rather whether its probative value is outweighed by its prejudicial effect. *United States v. Wright*, 392 F.3d 1269, 1276 (11th Cir. 2004). The Government argues the firearms and related accessories and ammunition were found in close physical and temporal proximity to the narcotics and are relevant to the intent to distribute a significant amount of narcotics and the premises serving as a location for the storage and distribution of the narcotics, a feature of the conspiracy. It is still unclear to the Court which weapons were actually found in the safe with the drugs, and counsel was unable to provide that detail at the hearing. In any event, as discussed at the hearing, the admission of 20-plus weapons (when the weapon charge is related to one machinegun) is overly prejudicial given the circumstances of this case. While the Court does not discount the Government's argument that weapons are "tools of the drug possession trade" and are relevant to the conspiracy and possession charges, the sheer number of weapons the Government seeks to introduce causes it to be unduly prejudicial. Accordingly,

10

the Court will grant, in part, the motion *in limine* to the extent that the Government is instructed to review and limit the firearms and ammunition evidence it intends to introduce at trial. While the Court is inclined to permit evidence of the weapons and ammunition found in the safe with the drugs and otherwise exclude such evidence not found in the safe, if the number of weapons in the safe is still excessive, the Court will further limit it. The parties are instructed to meet and confer in an effort to reach an agreement regarding the issue as it pertains to the weapons and ammunition.

 Regarding the jewelry, the Government seeks to enter into evidence a custom pendant featuring the moniker "Durk," which the Government argues is evidence of Defendant using the moniker "Durk," a name intercepted on the wire calls of Marcus Fowler in reference to "Durk" sending money to co-conspirator Cyion Kerr. The second piece of jewelry, also recovered during a search warrant execution, the Government contends appears to be a part of a set with the necklace that was pawned. The Government argues that the pieces themselves are further evidence of unexplained wealth, which is relevant to establish Defendant's participation in the conspiracy as well as evidence of the illicit nature of the money used to complete the monetary transactions in Counts Four and Five. Other than generally arguing prejudice and that the jewelry is irrelevant because it is not itself the subject of the illegal monetary transactions, Defendant offers no further legal basis for the exclusion of the evidence. The Government represents that testimony and evidence will establish that Defendant reported little to no income, filed no tax returns, and operated shell businesses to conceal the drug proceeds generated by the conspiracy. The Government has proffered

testimony establishing the relevance of the jewelry, and Defendant fails to demonstrate its prejudicial effect outweighs its probative value. Accordingly, it is hereby

**ORDERED**:

1. The Government's Motion for Pretrial Determination of Admissibility of Defendant's Prior Conviction (Doc. 221) is **GRANTED**.

2. Defendant's Motion *in Limine* (Doc. 266) is **GRANTED in part** and **DENIED in part**, as set forth herein.

3. On or before **Tuesday April 2, 2025, at 5:00 p.m.** counsel shall confer and file a joint notice as to any agreement reached regarding the introduction into evidence of the Government's exhibits related to the weapons and ammunition.

**DONE AND ORDERED** in Tampa, Florida on March 31, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any