UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                  CASE NO: 8:23-cr-45-CEH-AEP

PIERRE MARQUISE FOWLER
_____/

## **O R D E R**

This matter comes before the Court on the Government's Motion to Dismiss or Strike Chantel Davis' Response to Final Order of Forfeiture (Doc. 426), filed on December 10, 2025.  In the motion, the Government requests the Court strike Chantel Davis' "Response to Final Order of Forfeiture" (Doc. 381) because her challenge to the forfeited assets is untimely.  The Court, having considered the motion and being fully advised in the premises, will grant the Government's Motion to Dismiss or Strike Chantel Davis's Response to Final Order of Forfeiture.

## **DISCUSSION**

In its Motion for Final Order of Forfeiture (Doc. 376) filed May 30, 2025, the Government seeks forfeiture of the following assets, among other property:

> a. Approximately $10,409 in U.S. currency seized on February 8, 2023, from the residence located at 7325 Executive Woods Court, Port Richey, FL 34668. ("the cash")

> b. The real property located at 4240 Oakfield Avenue, Holiday, Florida 34691, including all improvements thereon and appurtenances thereto, the legal description for which is as follows: Lot 231, Beacon Square, Unit Three, according to the plat thereof, recorded in Plat Book 8,

Page(s) 57 of the Public Records of Pasco County, Florida. Parcel ID: 19-26-16-0060-00000-2310. Titled Owner: Bay Area Rentals & Realty, LLC.
("the Oakfield Avenue Property")

On March 21, 2025, the Court entered a preliminary order of forfeiture that forfeited any interest that Marcus Fowler had in those and other assets. Doc. 313. The United States Marshals Service posted a copy of the Notice of Preliminary Forfeiture at the Oakfield Avenue Property. Doc. 426 at 3. On April 2, 2025, Davis contacted the U.S. Attorney's Office about the forfeiture notice posted at the Oakfield Property, where Davis claimed she resided. *Id.* The U.S. Attorney's Office told Davis that she would be sent instructions on filing a petition in the ancillary proceeding. *Id.* On April 2, 2025, notice of the forfeiture of assets and instructions for filing a claim were sent to Chantel Davis by email and regular U.S. mail. Doc. 426-1 at 1. Davis attaches a copy of the Notice she received to her response and acknowledges receipt of the Notice. Doc. 381 at 4-8. The notice advised Davis that if she wished to claim a legal interest in the property, she was required to file a third-party petition within 30 days of receiving notice and that the petition must be signed under penalty of perjury and set forth the nature and extent of her right, title and interest in the forfeited property. Doc 426 at 3-4; Doc. 426-1.

On June 5, 2025, Chantel Davis filed a response to the Government's motion claiming an interest in the cash and the Oakfield Avenue Property. Doc. 381. As for the Oakfield Avenue Property, Davis claimed to be the "bona fide purchaser" along with Otilia Andino. The response states that she is gathering evidence needed

2

including bank statements, but neither bank statements nor any other evidence were attached to the response or filed thereafter. As for the cash, the response merely states that it is the incorrect amount because $1,260 is missing. The Government now seeks to strike Davis' response as Davis' response does not constitute a valid, timely claim.

Under Fed. R. Crim. P. 32.2(b), the United States must publish notice of forfeiture and send direct notice to "any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding." Here, the Government provided Davis with notice of the forfeiture. Pursuant to Federal Rule of Criminal Procedure 32.2(c) and 21 U.S.C. § 853(n), Davis had 30 days within receipt of the notice to file a third-party petition with the Clerk of Court asserting a claim of legal interest in the forfeited property. The claim must be signed under penalty of perjury and set forth the nature and extent of the claimant's right to the property. Doc. 426-1.

In its motion to dismiss or strike, the Government first argues that Davis has failed to demonstrate she has a legal interest in the forfeited property to support her statutory standing to assert a claim to it. Even if Davis did have standing and the Court construes Davis' response as a petition filed pursuant to 21 U.S.C. § 853(n), the Government argues that the petition should be stricken as untimely. The Court agrees with the Government's motion and finds that either reason supports striking the petition. In her response, Davis blanketly claims she and Otilia were bona fide purchasers of the Oakfield Property without providing any evidentiary support. Thus, she has not set forth facts to demonstrate her legal interest in the assets. Moreover, her

3

response is not made under penalty of perjury and was filed June 5, 2025, more than two months after she received notice by email of the forfeiture. Accordingly, it is

ORDERED:

1.     Government's Motion to Dismiss or Strike Chantel Davis' Response to Final Order of Forfeiture (Doc. 426) is **granted**. Davis' response at Doc. 381 is **dismissed**.

2.     The Clerk is directed to mail a copy of this Order to Chantel Davis.

**DONE AND ORDERED** in Tampa, Florida on February 26, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any
Chantel Davis

4